IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUN BRANDEWIE, et al., | ) | CASE NO:  1:14-CV-965 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION TO DISMISS** |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Wal-Mart Stores, Inc. moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Class Action Complaint for failure to state a claim upon which relief can be granted.  In support of its motion, Wal-Mart states as follows:

1. Plaintiffs Shaun Brandewie and John Newbrough assert a breach of contract claim on behalf of themselves and a putative nationwide class of customers, alleging that Wal-Mart[1] occasionally failed to correctly calculate the sales tax when providing a refund to some customers.

2. Specifically, Plaintiffs allege they purchased goods at one Wal-Mart retail store located in Ohio and returned each of the goods to a different Wal-Mart retail store located in Ohio. Plaintiffs allege that, in four instances across a two-year period, they were not refunded the full amount they paid, which they claim represents the difference in the amount of tax paid at the different stores.  Plaintiffs' alleged deficiency for all four transactions totals $1.04.

---

[1] Plaintiffs' Complaint includes allegations concerning Wal-Mart retail stores, Walmart.com, and Sam's Club retail stores. In the interest of clarity and brevity, Wal-Mart refers to Wal-Mart retail stores, Walmart.com, and/or Sam's Club retail stores collectively as "Wal-Mart." This is intended for the reader's benefit and shall not be construed as an admission for any purpose.

3. Based on these allegations, Plaintiffs have filed this breach of contract claim on behalf of themselves and seek to represent a nationwide class of consumers who, they claim, may have been similarly treated.

4. An alleged contract, if any, existing between Plaintiffs and Wal-Mart was for the sale of goods and is therefore governed by the Uniform Commercial Code ("UCC"). The UCC requires the buyer to notify the seller of any alleged breach and offer the seller an opportunity to cure the alleged breach in advance of filing suit. Ohio Rev. Code § 1301, *et seq*. Failure to give pre-suit notice bars any remedy for the breach.

5. Here, Plaintiffs' Complaint makes plain that they failed to provide Wal-Mart with reasonable pre-suit notice of and the attendant opportunity to cure each alleged breach prior to filing this action as required by the UCC. Absent this requisite notice and opportunity to cure, Plaintiffs' Complaint should be dismissed because Plaintiffs have failed to state a claim for which relief can be granted.

6. For the reasons stated, and as more fully explained in the Memorandum in Support of Defendant's Motion to Dismiss, Wal-Mart requests Plaintiffs' Complaint be dismissed with prejudice, and this Court grant all other relief that it deems necessary.

Dated: July 14, 2014 Respectfully submitted,

/s/ Karen L. Giffen
Karen L. Giffen (0042663)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: (216) 621-5161
Facsimile: (216) 621-2399
E-Mail: kgiffen@thinkgk.com

*and*

BRYAN CAVE LLP
John Michael Clear (pro hac vice)
Ellen E. Bonacorsi (pro hac vice)
Douglas E. Winter (pro hac vice)
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 552-8283
E-Mail: jmclear@bryancave.com
eebonacorsi@BryanCave.com
dewinter@bryancave.com

***Counsel for Defendant Wal-Mart Stores, Inc.***

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUN BRANDEWIE, et al., | ) | CASE NO: 1:14-CV-965 |
| | ) | |
| Plaintiffs, | ) | JUDGE: JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| WAL-MART STORES, INC., | ) | **DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |

Plaintiffs assert a breach of contract claim on behalf of themselves and a putative nationwide class of customers, alleging that Wal-Mart[2] occasionally failed to correctly calculate the sales tax when providing a refund to some customers. Plaintiffs' Complaint is fatally and irremediably flawed, because the facts as alleged (and not alleged) establish, as a matter of law, that Plaintiffs have failed to state a claim.

Specifically, it is readily and reasonably inferred from the face of Plaintiffs' Complaint that Plaintiffs (i) accepted Wal-Mart's tendered refund, (ii) did not provide notice to Wal-Mart of the alleged breach following the acceptance of the tendered refund, and (iii) did not provide Wal-Mart with the requisite opportunity to cure. Plaintiffs' claim is therefore barred by their failure to provide pre-suit notice of this lawsuit to Wal-Mart, as required by the Uniform Commercial Code. And it is barred for good reason; the duty to provide notice is an important requirement that provides the parties a critical opportunity to negotiate settlement prior to resorting to litigation and also affords the seller an opportunity to cure the alleged breach before being hailed to court. Plaintiffs' failure requires dismissal of their action.

---

[2] Plaintiffs' Complaint includes allegations concerning Wal-Mart retail stores, Walmart.com, and Sam's Club retail stores. In the interest of clarity and brevity, Wal-Mart refers to Wal-Mart retail stores, Walmart.com, and/or Sam's Club retail stores collectively as "Wal-Mart." This is intended for the reader's benefit and shall not be construed as an admission for any purpose.

## RELEVANT BACKGROUND

### 1. Wal-Mart's Return Policy.

Plaintiffs allege that both Wal-Mart and Sam's Club have a return policy requiring, in most instances, that Wal-Mart and Sam's Club refund the full purchase price of an item that is returned. (Compl. ¶¶ 20, 22, 23, 29.) The crux of Plaintiffs' claim is not that Wal-Mart or Sam's Club refused to provide refunds or exchanges as set forth in the policy. (*Id*. ¶¶ 1, 36, 38, 40, 45.) Rather, Plaintiffs suggest that, in some instances, Wal-Mart or Sam's Club may have miscalculated the amount of sales tax to be refunded. (*Id.*) Specifically, Plaintiffs assert that Wal-Mart may have occasionally miscalculated the amount of tax to be refunded in some of the instances where the store from which the item was purchased has a different tax rate than the store to which the item was returned. (*Id.* at ¶¶ 1, 31, 32, 50.)

### 2. Plaintiffs Brandewie and Newbrough Allege Four Refunds At Issue.

As noted above, Plaintiffs allege that where a customer purchased an item in one store and returned it to another store *with a different tax rate* (for instance, purchasing an item in Wisconsin and returning it in Illinois), the customer may have, in certain instances, been refunded less than he or she originally paid, which allegedly represents the difference in tax rates. (Compl. ¶¶ 36, 38, 40, 45.)[3] In their Complaint, Plaintiffs allege four total returns at issue in which the amount of their refund was supposedly less than the purchase amount paid. (Compl. ¶¶ 36, 38, 40, 45.)

---

[3] Solely for the purposes of this Motion to Dismiss and Memorandum in Support, Wal-Mart takes all well-supported factual allegations as true. *E.g.*, *Michigan Div.-Monument Builders of N. Am. v. Michigan Cemetery Ass'n*, 524 F.3d 726, 731 (6th Cir. 2008.) In so doing, Wal-Mart admits none of the allegations set forth in Plaintiffs' Complaint.

### A. Transaction #1 (Router)

On June 28, 2012, Plaintiff Shaun Brandewie allegedly purchased a Netgear computer router at a Wal-Mart store in Mayfield Heights, Ohio and returned the router to a different Wal-Mart store in Fairlawn, Ohio, on June 29, 2012. (Compl. ¶¶ 35, 36.) Mr. Brandewie claims that when he returned the router in Fairlawn, he received the entire amount he paid except $0.44, which he alleges represented the difference between the amount of sales tax charged in Mayfield Heights as compared with Fairlawn. (*Id*. ¶¶ 31, 32, 36.)

### B. Transaction #2 (Light Bulb)

On June 28, 2012, Mr. Brandewie also allegedly purchased a compact fluorescent bulb at a Wal-Mart store in Mayfield Heights, Ohio and returned the light bulb to a different Wal-Mart store in Fairlawn, Ohio, on June 29, 2012. (Compl. ¶¶ 37, 38.) Mr. Brandewie claims that when he returned the light bulb in Fairlawn, he received the entire amount he paid except $0.20, which he alleges represented the difference between the amount of sales tax charged in Mayfield Heights as compared with Fairlawn. (*Id*. ¶¶ 31, 32, 37.)

### C. Transaction #3 (Memory Card)

On April 18, 2014, Mr. Brandewie allegedly purchased a SanDisk 8GB SDHC Memory Card – 2 pack ("Memory Card") at the Sam's Club located at 10250 Brookpark Rd., Brooklyn, Ohio and returned the item to a different Sam's Club in Fairlawn, Ohio, on April 19, 2014. (Compl. ¶ 38.) Mr. Brandewie claims that when he returned the Memory Card in Fairlawn, he received the entire amount he paid except for $0.20, which he alleges represented the difference between the amount of sales tax charged in Brooklyn as compared to Fairlawn. (*Id*. ¶¶ 31, 32, 38.)

### D. Transaction #4 (360 Access)

On February 26, 2014, Plaintiff John Newbrough allegedly purchased a 360 Access, which Wal-Mart believes to be a video game accessory, at a Wal-Mart store located at 3400 Steelyard Drive, Cleveland, Ohio and then returned the 360 Access to a different Wal-Mart store in Streetsboro, Ohio, on February 27, 2014. (Compl. ¶¶ 44, 45.)  Mr. Newbrough claims that when he returned the 360 Access to Streetsboro, Wal-Mart refunded the entire amount he paid except $0.20, which he alleges represented the difference between the sales tax charged in Steelyard Drive and Streetsboro.  (*Id.* ¶¶ 31, 32, 40.)

### 3. Alleged Discussions with Store Associates (Transactions 1 and 2 Only.)

As to Transactions 3 and 4 (Mr. Brandewie's 2014 purchase of the Memory Card and Mr. Newbrough's 2014 purchase of the 360 Access), the Complaint makes plain that Messrs. Brandewie and Newbrough never provided notice to Wal-Mart of the alleged deficiency at any time and voluntarily accepted the refund paid by Wal-Mart.  In fact, according to the allegations in the Complaint, neither Plaintiff even questioned Wal-Mart about the amount of the refund; neither asked Wal-Mart to remit the full purchase price; and neither provided Wal-Mart with the opportunity to cure the alleged breach after the refund was accepted.  (*See* Compl. ¶¶ 37, 38, 40, 44, 45.)

As to Transactions 1 and 2 (both of which involved Mr. Brandewie in 2012), the Complaint makes plain that Mr. Brandewie again voluntarily accepted the amount of refund offered by Wal-Mart.  His allegations do not support any reasonable inference that he provided any notice to Wal-Mart of the alleged breach or his dissatisfaction after he voluntarily accepted the refund and the breach occurred, and he did not provide Wal-Mart with the opportunity to cure the alleged breach prior to filing suit.  In addition, it can reasonably be inferred that Mr.

6

Brandewie was satisfied with the resolution of the matter as he continued to shop at Wal-Mart in 2014. (*See* Compl. ¶¶ 35-43.)

To be sure, Mr. Brandewie does include a generic assertion that "[d]espite his protests to Wal-Mart employees, including an assistant manager, Wal-Mart would not refund the entire amount paid." (*See* Compl. ¶ 36 (Transaction 1); ¶ 38 (Transaction 2.)) Beyond this boilerplate conclusion, Mr. Brandewie includes no factual details concerning his "protests," including, by way of example: what was said, to whom he spoke, or the reason for his protest − such as whether it concerned a tax-related deficiency. Significantly, Mr. Brandewie does not allege this protest occurred *after* the refund was tendered (*see id.* at ¶¶ 36, 38), and thus Mr. Brandewie does not allege that he provided any notice of the alleged breach with an opportunity to cure *after* the alleged breach occurred. Put differently, Mr. Brandewie voluntarily accepted the amount of a refund offered to him by Wal-Mart and took no steps to alert Wal-Mart of the alleged breach or provide it with any opportunity to cure and, in fact, continued shopping at Wal-Mart.

## LEGAL STANDARDS

### A.  Motion to Dismiss.

The United States Supreme Court has authoritatively held conclusory allegations are not sufficient to state a claim upon which relief can be granted: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *e.g., Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan, Inc.*, 721 F. Supp. 2d 663, 668 (N.D. Ohio 2010) (dismissing complaint). Under the *Twombly/Iqbal* standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows

7

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Flex Homes, Inc.*, 721 F. Supp. 2d at 668. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Importantly, a plaintiff's failure to allege all of the necessary elements of its claim warrants dismissal. *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (citation omitted); *Calabrese, Racek & Markos, Inc. v. Racek*, 2013 WL 3893978, at *5 (N.D. Ohio July 26, 2013.)

      **B.**    **Uniform Commercial Code Notice Requirement.**

The Uniform Commercial Code ("UCC") (codified as Ohio Rev. Code § 1301, *et seq*.) governs this action, because the transaction at issue involved the sale of "goods." Ohio Rev. Code § 1302.01(A)(8); *e.g.*, *Pro Arts, Inc. v. K Mart Corp.*, 580 F. Supp. 1073, 1075 (N.D. Ohio 1984). The UCC states "[w]here a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Ohio Rev. Code § 1302.65(C)(1).

"Ohio courts and federal courts applying Ohio law have continued to hold that a plaintiff must notify a defendant of the alleged breach <u>prior</u> to the complaint." *Lincoln Elec. Co. v. Technitrol, Inc.*, 718 F. Supp. 2d 876, 883 (N.D. Ohio 2010) (emphasis supplied) (finding no notice provided); *St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 902 (N.D. Ohio 2008) ("[Plaintiff's] failure to notify [defendant] of its alleged breach before bringing this lawsuit precludes her from proceeding further with her claim."). As a matter of law, filing a complaint is not pre-litigation notice under the UCC. *St. Clair*, 581 F. Supp. 2d at 903 (dismissing complaint, because "[t]he policy reasons for pre-litigation notice are not satisfied by the filing of a complaint.").

8

The notice requirement is not a mere technicality. The express purpose of this provision of the UCC is to encourage resolution of differences and to prevent needless litigation. *See St. Clair*, 581 F. Supp. 2d at 902. To permit suit in violation of this important notice provision would encourage "gotcha" tactics in which a party prefers to launch litigation – particularly if the party thinks class certification is available – rather than call an alleged breach to the seller's attention. *See id.* The law does not permit a party in Plaintiffs' position to choose to wage class action warfare rather than resolve matters peacefully in advance.

## ARGUMENT

Plaintiffs' Complaint suffers from a fundamental and fatal defect that warrants dismissal. With respect to all four transactions at issue, Plaintiffs do not plead they provided reasonable pre-suit notice of the alleged breach of contract to Wal-Mart, as required under the Ohio UCC. Plaintiffs' failure to notify Wal-Mart of their claim *prior to filing suit* bars their action under settled UCC principles. Put simply, with respect to all four Transactions, there is no allegation that Plaintiffs provided notice to Wal-Mart of the alleged breach.[4]

The law is clear that notice of the breach must "let the seller know that the transaction is troublesome and must be watched" and must also "inform the seller that the transaction is claimed to involve a breach . . . so that the way for normal settlement through negotiation is opened." *Huntington*, 2012-Ohio-748 ¶ 36 (quoting *AGF, Inc. v. Great Lakes Heat Treating Co.*, 51 Ohio St.3d 177, 179, 555 N.E.2d 634 (1990)). Plaintiffs did not do this here.

To the contrary, Plaintiffs disregarded the spirit and letter of the UCC for the purpose of bringing costly litigation. Plaintiffs voluntarily accepted the amount of refund Wal-Mart offered, and they do not allege they provided notice of the alleged breach or provided Wal-Mart with the

---

[4] As discussed above, Plaintiffs' filing of their Complaint squarely does not satisfy their duty under the UCC to provide notice of their claim to Wal-Mart. *E.g.*, *St. Clair*, 581 F. Supp. 2d at 903.

opportunity to cure. Their failure to allege in the Complaint that they provided reasonable notice of the alleged breach to the seller prior to filing the complaint requires dismissal. *E.g.*, *St. Clair*, 581 F. Supp. 2d at 902-03; *Jones v. Davenport*, 2001 WL 62513, at *6 (Ohio Ct. App. Jan. 26, 2001) (affirming dismissal). This ends the matter and requires dismissal of the Complaint.

It is no answer to this problem to suggest, as Plaintiffs likely will do, that Mr. Brandewie alleges in conclusory fashion that he made "protests to Wal-Mart employees" for two of the four transactions at issue. (Compl. ¶¶ 36, 38.) Mr. Brandewie's allegations of "protest" include nothing but a single boilerplate conclusion. Such a conclusory allegation is insufficient as a matter of law, for such an allegation does not provide any of the requisite factual details of the protest in order to draw any reasonable inferences thereof. *See St. Clair*, 581 F. Supp. 2d at 903; *Iqbal*, 556 U.S. at 678.

For instance, the Complaint does not allege, nor give rise to any reasonable inference, that Mr. Brandewie's wholly undefined "protests" – even if theoretically possible to constitute pre-suit notice, which they are not – occurred after he voluntarily accepted the refund offered to him by Wal-Mart.[5] Yet, the UCC requires notice following the alleged breach with the opportunity to cure before filing a complaint. Mr. Brandewie's Complaint does not establish, nor provide the basis for any reasonable inference, that he provided such notice. As such, his alleged protests (even if replead with the additional requisite detail) are nothing but a red herring.

Put another way, both Plaintiffs voluntarily accepted the amount of the refund offered by Wal-Mart and provided no notice to Wal-Mart until filing suit in 2014. The UCC notice requirement, which Plaintiffs plainly failed to satisfy, is analogous in purpose to Ohio's

---

[5] And, in fact, the most reasonable inference to draw is that he was satisfied with the refund, because he returned to purchase the Memory Card nearly two years later. (*See* Compl. ¶ 39.) Mr. Brandewie's own allegations establish he continued to engage in business with Wal-Mart following his receipt of the 2012 refunds.

10

voluntary payment doctrine, which bars certain payment-related claims. *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 444 (6th Cir. 2012) (applying Ohio law) (noting the voluntary payment doctrine provides that "money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay.'" (citation omitted)). That doctrine serves to bar claims where the payment issue could be resolved at the time of the transaction. This is consistent with the purpose underpinning the UCC notice requirement – to provide an opportunity to cure and/or settle. Plaintiffs' failure to provide notice after voluntarily accepting their refunds bars their claims under the UCC, for such issue could have been resolved had they provided Wal-Mart notice of the alleged deficiency.

At bottom, Plaintiffs' Complaint is fatally flawed in that it fails to plead a necessary element of their claims. Moreover, Plaintiffs' Complaint makes plain that any amendment would be futile, because both Plaintiffs voluntarily accepted the amount tendered to them without pre-suit notice and the opportunity to cure. As such, dismissal is required.

## **CONCLUSION**

For the reasons given above, Wal-Mart's motion to dismiss Plaintiffs' Class Action Complaint should be granted, and Plaintiffs' claim should be dismissed with prejudice.

Dated: July 14, 2014         Respectfully submitted,

        */s/ Karen L. Giffen*
        Karen L. Giffen (0042663)
        GIFFEN & KAMINSKI, LLC
        1300 East Ninth Street, Suite 1600
        Cleveland, Ohio  44114
        Telephone: (216) 621-5161
        Facsimile: (216) 621-2399
        E-Mail: kgiffen@thinkgk.com

        *and*

        BRYAN CAVE LLP
        John Michael Clear (pro hac vice)
        Ellen E. Bonacorsi (pro hac vice)
        Douglas E. Winter (pro hac vice)
        211 N. Broadway, Suite 3600
        St. Louis, MO  63102
        Telephone: (314) 259-2000
        Facsimile: (314) 552-8283
        E-Mail:  jmclear@bryancave.com
              eebonacorsi@BryanCave.com
              dewinter@bryancave.com

        ***Counsel for Defendant Wal-Mart Stores, Inc.***

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Defendant's Motion to Dismiss* was served by the Court's Electronic Filing System on this 14th day of July 2014 upon the following:

William B. Eadie
Nicholas A. DiCello
Daniel Frech
Dennis R. Lansdowne
Stuart E. Scott
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue, East
Suite 1700
Cleveland, Ohio 44114
*Lead Class Counsel for Plaintiffs*

Daniel J. Myers
610 Skylight Office Tower
1660 West Second Street
Cleveland, Ohio 44113
*Counsel for Plaintiffs*

                          */s/ Karen L. Giffen*
                          Karen L. Giffen (0042663)
                          *Counsel for Defendant Wal-Mart Stores, Inc..*

## VERIFICATION

STATE OF OHIO )
) SS:
COUNTY OF CUYAHOGA )

I, Karen L. Giffen, being duly sworn, deposes and states that she is an Attorney at Law for Defendant Wal-Mart Stores, Inc., that the Court has recommended this case be assigned to the Standard Track, and that Defendant's Memorandum in Support of Its Motion to Dismiss is nine (9) pages, which is consistent with the page limit permitted by this Court's Local Rule 7.1(f) for cases on the Standard Track.

_____
(Signature)

Managing Partner, Giffen & Kaminski, LLC
(Title)

Subscribed and sworn to before me this 14th day of July, 2014.

_____
Notary Public

MARTHA M. SCHILL
NOTARY PUBLIC
STATE OF OHIO
My Comm. Expires Aug. 12, 2017