UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
SHAUN BRANDEWIE, *et. al.*, :
:  CASE NO. 1:14-CV-965
Plaintiffs, :
:
vs. :  OPINION & ORDER
:  [Resolving Docs. 26, 27]
WAL-MART STORES, INC., :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") moves to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Rule 12(b)(1).[1] Wal-Mart generally argues that only the Ohio Tax Commissioner can hear claims to recover sales taxes wrongfully retained by a retailer. Plaintiffs oppose.[2] For the following reasons, Wal-Mart's motion to dismiss is **DENIED**. Wal-Mart's motion to stay discovery pending the resolution of its 12(b)(1) motion[3] is **DENIED** as moot.

**I. Background**

Plaintiffs Shaun Brandewie and John Newbrough, on behalf of themselves and a proposed nationwide class, sue Wal-Mart for breach of contract.

Plaintiffs purchased items at Wal-Mart stores in Ohio and paid sales taxes on the purchases.

---

[1] Doc. 27.
[2] Doc. 31.
[3] Doc. 26.

Case No. 1:14-CV-965
Gwin, J.

Plaintiffs then returned the merchandise to Wal-Mart stores in different counties. Ohio allows counties to levy additional sales taxes and the sales tax amounts varies across the state.

Upon return of the items, Wal-Mart would only refund sales taxes at the rate used in the area where the merchandise was returned. Even though Plaintiffs brought receipts showing that they had paid higher sales taxes at the time of purchase, Wal-Mart would only refund the amount of sales tax controlling in the location where the return was made. Plaintiffs claim this practice is in breach of Wal-Mart's contractual agreement to give full refunds for returns made within 90 days.[4]

The amount lost was minimal for named plaintiffs. Across the large number of returns that Wal-Mart processes each day, the cumulative amount may be large.

## II. Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction."[5] "A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must accept the material allegations of the petition and construe those allegations in a light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . ."[6]

Wal-Mart makes a facial attack to this Court's jurisdiction. The standard for resolving a facial attack to jurisdiction under Rule 12(b)(1) is the same as for resolving a motion to dismiss under Rule

---

[4] Doc. 1.
[5] *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014) (quoting *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)).
[6] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations omitted).

Case No. 1:14-CV-965
Gwin, J.

12(b)(6).[7] "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[8]

### III. Analysis

Wal-Mart argues that Ohio requires customer claims for the refund of sales tax be filed exclusively with the Ohio Tax Commissioner. Wal-Mart cites to Ohio Administrative Code ("OAC") § 5703-9-07 for support.[9] But OAC § 5703-9-07 relies upon Ohio Revised Code ("ORC") § 5739.07, entitled "Vendor or consumer refunds." That Revised Code section seems to limit claims to circumstances where the Tax Commissioner has received the tax:

> (A) When, pursuant to this chapter, a vendor has paid taxes to the treasurer of state or the treasurer of state's agent, or to the tax commissioner or the commissioner's agent, the commissioner shall refund to the vendor the amount of taxes paid if the vendor has refunded to the consumer the full amount of taxes the consumer paid illegally or erroneously or if the vendor has illegally or erroneously billed the consumer but has not collected the taxes from the consumer.
>
> . . . .
>
> (C) The commissioner shall refund to the consumer taxes paid illegally or erroneously to a vendor only if:
>
>> (1) The commissioner has not refunded the tax to the vendor and the vendor has not refunded the tax to the consumer; . . . .[10]

The statute, and the related administrative scheme, require consumers to seek refunds from the Tax Commissioner where the taxes in question have been paid to the state.[11] The consumer

---

[7] *Id*.
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] Ohio Admin. Code §5703-9-07.
[10] Ohio Rev. Code § 5739.07 (emphases added).
[11] Section (A) applies where "a vendor *has paid* taxes to the treasurer of state . . . ." Section (C), which controls
(continued...)

-3-

Case No. 1:14-CV-965
Gwin, J.

provision in Section (C) logically conditions the consumer's ability to recover a tax refund from Ohio upon Ohio having earlier received the tax. Read as a whole, the statute pertains to refunds where the state has received the taxes that the vendor has collected: only then does the consumer have an exclusive remedy with the tax commissioner for the recovery of these funds.

Wal-Mart cites to the Ohio Supreme Court's decision in *Volbers-Klarich v. Middletown Management*, *Inc*. But in that case, the Ohio Supreme Court held, "when a vendor charges its customer a *nonexistent* tax, the funds collected are not a tax collected for the benefit of the taxing authority. Consequently, under these limited circumstances, the customer need not seek a refund from the government entity that purportedly imposed the tax, but may file suit directly against the vendor to recover the converted funds."[12]

For understandable reasons, both *Volbers-Klarich* and ORC § 5739.07 look to whether the tax has been remitted to the Ohio Tax Commissioner. Most relevant to this case, ORC § 5739.07(C) limits a consumer's ability to seek an erroneously calculated sales tax to circumstances where the Tax Commissioner holds the funds:

> (C) The commissioner <u>shall refund to the consumer taxes paid</u> illegally or <u>erroneously to a vendor only if</u>:
>
> (1) The <u>commissioner has not refunded the tax to the vendor</u> and the vendor has not refunded the tax to the consumer; or
>
> (2) The consumer has received a refund from a manufacturer or other person, other than the vendor, of the full purchase price, but not the tax, paid to the vendor in settlement of a complaint by the consumer about the property or service purchased.

---

[11]/(...continued)
consumer refunds, applies where "[t]he commissioner has *not refunded* the tax to the vendor . . . ." The use of "refunded" implies that funds were paid to the commissioner in the first place.

[12]/*Volbers-Klarich v. Middletown Mgmt., Inc.*, 125 Ohio St. 3d 494, 500 (2010) (emphasis added).

Case No. 1:14-CV-965
Gwin, J.

>   The commissioner may require the consumer to obtain or the vendor to provide a written statement confirming that the vendor has not refunded the tax to the consumer and has not filed an application for refund of the tax with the commissioner.[13]

The thrust of *Volbers-Klarich* is similar. In *Volbers-Klarich*, a hotel owner charged a state sales tax together with a county tax and a municipal tax. No county or municipal tax actually existed, and the plaintiff alleged the hotel had converted the money collected under the guise of county and municipal taxes. Similar to Wal-Mart's argument in this case, the *Volbers-Klarich* defendant argued that the customer's only remedy was to seek a refund from the taxing authority.

The Ohio Supreme Court rejected the argument that only the Tax Commissioner had jurisdiction to rule on a claim of wrongfully retained sales taxes. The Ohio Supreme Court reasoned that the vendor is not permitted to "derive any benefit from the collection or payment of the tax."[14] When there is no tax owing, the Ohio Supreme Court found that a direct action could be maintained: "we find that a vendor's wrongful collection of an existing tax is distinguishable from a vendor's collection of a nonexistent tax."[15]

The Ohio Supreme Court explained: "we hold that when a vendor collects funds (even those wrongly collected) pursuant to an existing tax, the funds constitute a tax authorized by law, which the vendor must remit to the taxing authority. Conversely then, when a vendor collects funds pursuant to a nonexistent tax, those funds are not a tax authorized by law, and the vendor has no authority to collect or remit those funds to the taxing authority."[16]

---

[13] Ohio Rev. Code § 5739.07 (emphases added).
[14] *Volbers-Klarich.*, 125 Ohio St. 3d at 498 (citing Ohio Rev. Code § 5739.02(E)).
[15] *Id.* at 495-96.
[16] *Id.* at 500.

Case No. 1:14-CV-965
Gwin, J.

The Ohio Supreme Court then described the illogic of requiring a customer to seek a refund from the Tax Commissioner where the Tax Commissioner had not received the taxes.[17]

Plaintiff generally alleges that after they returned the merchandise, no tax was owing and suggests that Ohio received none of the sales taxes.[18] Unlike cases where taxes were wrongfully computed or collected on non-taxable transactions,[19] Plaintiff seems to say Ohio did not receive any of the sales taxes collected on the voided sale.

At this stage, it is not clear whether Wal-Mart paid Ohio the sales tax that it did not refund to Plaintiffs when they returned the merchandise. If Ohio has the not-refunded tax, Wal-Mart likely has a winning argument that Plaintiff must make a claim to the Ohio Tax Commissioner. In contrast, if Wal-Mart did not remit to Ohio the sales tax that was not returned to the Plaintiff, then ORC § 5739.07 does not allow a claim to the Tax Commissioner, and *Volbers-Klarich* allows a direct breach of contract action.

Therefore, at this stage, Plaintiffs have stated a claim over which the Court has jurisdiction.

---

[17] *Id.* at 500 ("The lower court's holding would require a customer who paid a nonexistent tax to proceed against the taxing entity that purportedly imposed the tax. However, the taxing authority has no power to order the collection of a nonexistent tax. Consequently, the customer will get no relief by seeking a refund from the taxing authority. At best, the taxing authority would then need to initiate legal action against the vendor that collected the funds. However, it is unclear under what theory the taxing authority could proceed.").

[18] *See* Doc. 31 at 8 ("Here, the money belongs to the consumers and is being held by Wal-Mart solely for Wal-Mart's own benefit. No state interest is affected and no state agency stands to benefit from Wal-Mart's practice of providing refunds to consumers in amounts less than those customers paid. Rather, Wal-Mart has presumably booked these returns eliminating any obligation to the state under O.A.C. § 5703-9-11(A), while still withholding some arbitrary portion of the original amount paid by the consumer–not for the State's benefit, but for its own. Only consumers are harmed and only Wal-Mart benefits.").

[19] *Parker v. Giant Eagle, Inc.*, 2002-Ohio-5212, 2002 WL 31168571 (Ohio Ct. App. 2002); *Bergmoser v. Smart Document Solutions, LLC*, No. 1:05CV2882, 2007 WL 634674 (N.D. Ohio Feb. 22, 2007) *aff'd*, 268 F. App'x 392 (6th Cir. 2008).

Case No. 1:14-CV-965
Gwin, J.

Wal-Mart's motion to dismiss under Rule 12(b)(1) is **DENIED**.

    IT IS SO ORDERED.


Dated: January 16, 2015          s/ *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE