UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
SHAUN BRANDEWIE, *et. al.*,                         :
                                                    :    CASE NO. 1:14-CV-965
            Plaintiffs,                             :
                                                    :
vs.                                                 :    OPINION & ORDER
                                                    :    [Resolving Doc. 11]
WAL-MART STORES, INC.,                              :
                                                    :
            Defendant.                              :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") moves to dismiss Plaintiffs' breach of contract action for failure to comply with the notice provision of Ohio's Uniform Commercial Code ("UCC").[1] Plaintiffs oppose.[2] For the following reasons, Wal-Mart's motion to dismiss is **DENIED**.

## I. Background

On behalf of themselves and a proposed nationwide class, Plaintiffs Shaun Brandewie and John Newbrough sue Wal-Mart for breach of contract. Plaintiffs purchased items at Wal-Mart stores in Ohio and paid sales taxes on the purchases. Wal-Mart advertises a no-questions-asked full refund agreement for many of its products.[3]

Plaintiffs returned the merchandise to Wal-Mart stores under that full refund policy. But

---

[1] Doc. 11.
[2] Doc. 19.
[3] Doc. 1 at 6.

Case No. 1:14-CV-965
Gwin, J.

Plaintiffs returned the merchandise to Wal-Mart stores in counties that impose a lower sales tax than the counties where the purchases were made.

Although Plaintiffs brought receipts showing they had paid higher sales taxes, Wal-Mart would not refund all the sales taxes the Plaintiffs had paid. Wal-Mart only refunded the sale price of the items along with the amount of sales tax applicable to the location where the return was made. As a result, Wal-Mart refused to refund the full amount listed on Plaintiffs' purchase receipts, which reflected the higher sales tax rates applicable at the point of sale.

Plaintiff Brandewie alleges that when he returned items and did not receive the full amount paid in exchange, he protested the underpayment to Wal-Mart employees including an assistant manager.[4] The complaint does not allege that Plaintiff Newbrough made such protests.[5]

Plaintiffs claim that the practice of underpaying customers for returns is widespread, and broke Wal-Mart's contractual promise to give full refunds for returns made for any reason within 90 days. Plaintiffs argue that Wal-Mart breached an express contract and seek to recover the amount of sales tax that Wal-Mart refuses to refund.[6]

## II. Standards

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[7] Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that

---

[4] Doc. 1 at 10.
[5] See id. at 11.
[6] Id.
[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Case No. 1:14-CV-965
Gwin, J.

the pleader is entitled to relief."[8] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[9]

### III. Analysis

Wal-Mart argues that the provisions of the UCC govern its contract to give customers a full refund for products returned within 90 days. Wal-Mart cites to Ohio's codification of the UCC and argues that prior notification of the breach of contract claim was a prerequisite to filing suit. Wal-Mart cites to Ohio Revised Code ("ORC") § 1302.65, which states: "Where a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."[10]

On its face, Wal-Mart's motion to dismiss fails. Wal-Mart says the UCC requires that Plaintiffs give Wal-Mart a chance to remedy Wal-Mart's breach of contract for the sales of goods. But in the complaint, Plaintiff Brandewie says he complained about Wal-Mart's refusal to honor its commitment to make full refund without question.[11] Acknowledging this, Wal-Mart makes the weak response that Brandewie's alleged protests are "ill-defined" and pled in a conclusory fashion and therefore somehow insufficient.[12]

At least with regard to Plaintiff Brandewie, Wal-Mart's UCC argument fails. But Wal-Mart's UCC argument loses as to other plaintiffs for different reasons.

---

[8] Fed. R. Civ. P. 8(a)(2).
[9] *Iqbal,* 556 U.S. at 678-79 (citations omitted).
[10] Ohio Rev. Code § 1302.65(C)(1).
[11] Doc. 1 at 10.
[12] Doc. 24 at 3.

Case No. 1:14-CV-965
Gwin, J.

"Unless the context otherwise requires, [the UCC] applies to transactions in goods."[13] "'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid."[14] Wal-Mart argues that Plaintiffs accepted tender under a UCC contract and thus had to notify Wal-Mart of the breach – namely, that the amount refunded was less than Plaintiffs were entitled to.

The better interpretation is that Wal-Mart's offer to provide a refund for any reason within 90 days of purchase is a promise collateral or ancillary to a contract for the purchase of goods. Under Ohio's UCC statute, "[r]emedies for breach of any obligation or promise collateral or ancillary to a contract for sale are not impaired by the provisions of [the UCC]."[15] "Collateral" means "accompanying, but secondary and subordinate to;" "ancillary" means "supplementary; subordinate."[16]

Wal-Mart's offer to take back any product within 90 days is a promise that accompanies, supplements, and is subordinate to the sale of goods itself. It is an added benefit and convenience for customers, and may encourage them to purchase an item. The UCC applies to the initial transaction. The UCC does not apply to an added side promise that Wal-Mart made to encourage customers on the fence to complete the purchase.

The UCC provides background rules for sales of goods and supplies remedies where goods are defective or non-conforming. The UCC's notice requirement does not govern Wal-Mart's unconditional offer to take back most items for any reason within 90 days. Common sense indicates

---

[13] Ohio Rev. Code § 1302.02.
[14] Id. § 1302.01(A)(8).
[15] Id. § 1302.75.
[16] Black's Law Dictionary (9th ed. 2009).

Case No. 1:14-CV-965
Gwin, J.

that the return policy is secondary to the sale of goods. Customers purchase items to use them; the promise that customers can easily make a return is subordinate to the primary purpose of the transaction.

The UCC does not impair an individual's remedies when a collateral or ancillary promise is breached. Wal-Mart does not establish that the notice requirement should apply to the no-questions-asked return policy.[17] Therefore, Wal-Mart's argument that no notice was provided of the alleged breach is irrelevant. Thus, Wal-Mart's motion to dismiss under Rule 12(b)(6) is **DENIED**.

IT IS SO ORDERED.

Dated: February 2, 2015                     s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[17] Wal-Mart cites to *Whitwell v. Wal-Mart Stores, Inc.*, No. CIV-09-513=GPM, 2009 WL 4894575 (S.D. Ill. Dec. 11, 2009), a case in which a district court dismissed a similar claim alleging that Wal-Mart had failed to refund the full amount due under its 90 day return policy. The court held that the plaintiff had not complied with the Illinois UCC's requirement to give pre-suit notice of a breach. *Id*. at *4. This Court is not bound by the *Whitwell* decision, and notes that the *Whitwell* Court did not consider whether Wal-Mart's return policy was a promise ancillary or collateral to a contract for the sale of goods.