UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAUN BRANDEWIE, *et al.*, | ) CASE NO. 1:14-CV-965 |
| Plaintiffs, | ) |
| vs. | ) JUDGE JAMES S. GWIN |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court has been advised that the Parties to the above-captioned case, Plaintiffs Shaun Brandewie and John Newbrough, (hereinafter referred to as "Plaintiffs" or "Class Representatives") and Defendant Wal-Mart Stores Inc. (collectively with the Plaintiffs, the "Parties") have agreed, subject to Court approval following notice to the Settlement Class Members, to settle the above-captioned case upon the terms and conditions set forth in the Settlement Agreement (hereinafter referred to as the "Agreement"), which has been filed with the Court; and

WHEREAS, all definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement, the record and exhibits herein (including the Motion for Preliminary Approval and related exhibits), and the argument of counsel at the Preliminary Approval hearing held on July 15, 2015, and it appearing to the Court that, upon preliminary examination, the proposed Settlement appears to be

fair, reasonable, and adequate, and that a final approval hearing on the matter should and will be held on December 17, 2015, at 12:00 noon, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland Ohio, Courtroom 18A, after notice to the Settlement Class Members, to confirm that the proposed Settlement is fair, reasonable, and adequate, and to determine whether a Final Judgment and Order should be entered:

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the above captioned action and over all settling parties hereto.

2. <u>Settlement Class Members</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Settlement Class Members"):

> all persons who, during the Settlement Class Period, purchased, or were given as a gift a product purchased, from a Walmart Retail Location, Sam's Club Retail Location, or online from Walmart.com or Samsclub.com for delivery within the United States, to whom Wal-Mart gave a refund or credit, but where the amount of sales tax refunded or credited was less than the full amount of sales tax paid at the time the product was purchased, excluding cases where Wal-Mart provided a product exchange rather than a refund, and further excluding Wal-Mart and its officers and directors.

3. <u>Class Representatives and Settlement Class Counsel</u>: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily approves Plaintiffs Shaun Brandewie and John Newbrough as the Class Representatives for the Settlement Class. The Court preliminarily approves William B. Eadie, Nicholas A. DiCello, Daniel Frech, Dennis R. Lansdowne, and Stuart E. Scott of Spangenberg Shibley & Liber LLP, and Daniel J. Myers of Myers Law, LLC. as Class Counsel for the Settlement Class.

2

4. <u>Preliminary Class Certification</u>: The Court preliminarily finds that the Litigation satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes only, namely:

A. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C. The claims of the Plaintiffs are typical of the claims of the Settlement Class Members;

D. The Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

Certification of the settlement class is a conditional certification for settlement purposes only in accordance with the terms of the Agreement.

5. The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Settlement Class Members, especially in light of the benefits of the Settlement to the Settlement Class Members; the risk, complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the cost of administering any judgement that might be obtained; and the limited amount of any potential total recovery for the Settlement Class.

6. <u>Claims Administrator</u>: The Court approves Class Action Administration as the Clams Administrator to oversee the administration of the Settlement and the notification to Settlement Class Members in accordance with the terms of the Notice Plan. The cost of administration by the Claims Administrator shall be paid from the Class Settlement Amount as set forth in the Agreement. The Claims Administrator will be responsible for publishing the approved class action notices, maintaining the Settlement Website, and transmitting the Gift Cards to the Settlement Class Members and other duties as set forth in the Agreement.

7. <u>Creation of, and Deposit into, Qualified Settlement Fund ("QSF")</u>: The Settlement Administrator shall establish a QSF in accordance with the terms of the Agreement and any other Orders issued by this Court.  Distributions into and from the QSF shall be made in accordance with the terms of the Agreement.

8. <u>Notice</u>: The Court approves (a) the form and substance of the notice to Settlement Class Members as set forth the Notice Plan; and (b) the Online Claim Form, attached to the Agreement as an exhibit. The proposed form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed written notice is clearly designed to advise the Settlement Class Members of their rights. As part of the Notice Plan, the Claims Administrator shall establish a Settlement Website in accordance with the Agreement.

9. Exclusions: A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the release of claims pursuant to this Settlement, shall submit an Opt Out Letter.  For an Opt Out Letter to be accepted it must be timely and valid.  To be timely it must be submitted by the Claims Filing Deadline. To be valid, the Opt Out Letter shall contain a statement that the Settlement Class Member requests to be excluded from the Settlement Class and must also be signed by the Settlement Class Member and dated in accordance with the instructions in the Notice.  The Claims Administrator may invalidate mass-generated opt outs.  The Claims Administrator shall maintain a list of persons who have submitted Opt Out Letters and shall provide such list to the Parties on a weekly basis.

10. Attorney's Fees and Expenses: At least thirty (30) days before the Objection Deadline, papers supporting Class Counsel's request for attorneys' fees and expenses shall be filed with the Court and also posted to the Settlement Website.

11. Objections: Objections must be filed and served no later than thirty days from the close of the Notice Period.  Objections to Settlement Class Counsel's attorneys' fees filed before the filing of papers supporting Class Counsel's request for attorneys' fees and expenses may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The written objection must indicate whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court, and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement. Class members who file exclusions may not object to the Settlement.

      12.    <u>Final Approval</u>: The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") on December 17, 2015, at 12:00 noon, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland Ohio, Courtroom 18A, to review and rule upon the following issues:

    A. Whether the Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

    C. Whether the Final Judgment and Order, as provided under the Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

    D. To address other issues as the Court deems appropriate.

      13.    The Agreement and this order shall be null and void if any of the following occur:

    A. The Agreement is terminated or any specified material condition to the Settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    B. The Court rejects, in any material respect, the Final Judgment and Order substantially in the form and content attached to the Agreement and the Parties fail to consent to the entry of another form of order in lieu thereof;

    C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

    D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final, whether by lapse of time or otherwise; or

E. If, for any reason, the Settlement Effective Date does not occur.

14. If the Agreement and/or this order are voided per ¶ 13 of this order:

A. The Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

B. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Agreement, including orders certifying the Settlement Class for settlement purposes, set aside, withdrawn, and stricken from the record;

C. The Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by any Party of any fact, matter, or proposition of law; and

D. The Parties shall stand in the same procedural position as if the Agreement had not been negotiated, made, or filed with the Court.

15. The Court sets the follow schedule:

**July 15, 2015**: Preliminary Approval Hearing

**August 4, 2015**: Notice Program Starts

**October 19, 2015**: Notice Program Ends

**November 18, 2105**: Objection Deadline

**December 17, 2015, at 12:00 noon**: Final Approval Hearing

**December 18, 2015**: Claim Filing Deadline and Opt-Out Deadline

IT IS SO ORDERED

Dated: July 16, 2015

*s/ James S. Gwin*
_____
JAMES S. GWIN UNITED STATES DISTRICT JUDGE