```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
SHAUN BRANDEWIE, et al.,                      :
                                              :     CASE NO. 1:14-CV-965
             Plaintiffs,                      :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Docs. 88, 90, 92]
WAL-MART STORES, INC.,                        :
                                              :
             Defendant.                       :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 21, 2015, this Court approved as fair and reasonable the proposed settlement agreement in the above-captioned case.[1] Dylan Jacobs, who was the sole objector to the proposed settlement, filed a notice of appeal on January 20, 2016. On January 29, 2016, Plaintiffs filed a motion for bond to secure payment of costs and attorney's fees on appeal.[2] For the reasons below, this Court **IMPOSES** a bond in the amount of $38,000.

## I.  BACKGROUND

On July 8, 2015, Plaintiffs Shaun Brandewie and John Newbrough filed an unopposed motion for preliminary approval of class action settlement.[3] On July 16, 2015, this Court ordered a preliminary approval of the settlement.[4] The preliminary approval certified the class for settlement purposes, created a qualified settlement fund, and set out a notice plan.

---

[1] Doc. 86.
[2] Doc. 88. Jacobs opposed. Doc. 90; Plaintiffs replied. Doc. 92.
[3] Doc. 73.
[4] Doc. 75.

Case No. 14-CV-965
Gwin, J.

On November 23, 2015, Dylan Jacobs filed objections to the class settlement.[5] Jacobs was the sole objector. On December 17, 2015, this Court held a hearing for final approval of the settlement.[6] Mr. Jacobs did not attend the hearing. At the hearing, the Court limited the *cy pres* recipient to the National Consumer Law Center. On December 21, 2015, this Court approved the class settlement. Jacobs appealed.[7] Plaintiffs then filed a motion for bond to secure payment of costs and attorney's fees on appeal.

## II.   LEGAL STANDARD

Under Federal Rule of Appellate Procedure 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."[8] This matter is left to the district court's discretion.[9] The district court should consider: "'(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct.'"[10]

The costs referenced by Rule 7 are contained in 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39.[11] Rule 39 provides that the following costs are taxable: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."[12] "The costs taxable under § 1920 include

---

[5] Doc. 80.
[6] Doc. 74.
[7] Doc. 87.
[8] Fed. R.App. P. 7.
[9] *See, e.g., Lundy v. Union Carbide Corp.*, 598 F.Supp. 451, 452 (D. Or. 1984) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Assoc.*, 636 F.2d 755 (D.C. Cir.1980)).
[10] *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04–CV–74891–DT, 2008 WL 2415340, at *1 (E.D. Mich. June 12, 2008) (quoting *Baker v. Urban Outfitters, Inc.*, No. 01 Civ. 5440, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006)).
[11] *See In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 816 (6th Cir. 2004); *Chiaverini*, 2008 WL 2415340 at *1 (citing 20 Moore's federal practice § 307.10[2], at 307–6 (3d ed. 2003)).
[12] Fed. R. App. P. 39(e).

2

Case No. 14-CV-965
Gwin, J.

the marshal and clerk fees, court reporter fees, printing and witness fees, copying fees, docket fees, and compensation of court appointed experts and interpreters."[13]

The district court looks to the underlying statutes involved in the litigation to determine if attorney's fees may be included as "costs."[14]

### III. DISCUSSION

*Bond*

Plaintiffs seek a bond in the amount of $78,000 on the lone objector Dylan Jacobs or, in the alternative, $38,000.[15]

*Chiaverini* identifies four factors the Court should consider when determining whether the imposition of an appeal bond is appropriate. First, the Court looks at "the appellant's financial ability to post a bond."[16] Here, Jacobs states that his 2014 tax return shows an adjusted gross income of $31,635. Plaintiffs respond that the 2014 tax return does not account for Jacobs' employment at two law firms during the summer of 2015.

Next, the Court examines "the risk that the appellant would not pay appellee's costs if the appeal loses."[17] Plaintiffs argue a significant risk exists because objector Jacobs will only be residing in the Sixth Circuit until September 2016. Accordingly, the Court finds that this factor weighs in favor of imposing a bond.

Third, the Court looks to the merits of the objector's appeal. The standard of review for approval of a class action settlement is abuse of discretion.[18] "Factual findings regarding notice

---

[13] *Chiaverini*, 2008 WL 2415340 at *1.
[14] *See In re Cardizem*, 391 F.3d at 817; *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) ("[T]he meaning of 'costs,' as used in Rule 7, should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action.").
[15] Doc. 92.
[16] *Chiaverini*, 2008 WL 2415340, at * 1.
[17] *Id*.
[18] *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008).

Case No. 14-CV-965
Gwin, J.

are reviewed for clear error."[19] Jacobs argues that his appeal has merit because whether a court can impose conditions on intervenors such as requiring proof of membership, would be a question of first impression for the Sixth Circuit. This Court disagrees. It is well-established that the "plain language of Rule 23(e) clearly contemplates allowing only class members to object to a lack of notice."[20] Proof of class membership is thus appropriate for objectors.

As to Jacobs' *cy pres* objection, this Court carefully scrutinized the proposed list of recipients and rejected all the proposed recipients but one.

And Jacobs himself concedes that "it is admittedly difficult to challenge a fee award under the abuse of discretion standard."[21] Jacobs nevertheless maintains his appeal on the attorney's fees issue because he believes "the Sixth Circuit may remand the fee award for reconsideration by this Court if it decides in favor of Objector-Appellant on either of the other two issues."[22] This Court finds that Jacobs' argument loses.

Finally, the Court considers "whether the appellant has shown any bad faith or vexatious conduct."[23] Plaintiffs argue that Jacobs is a "professional objector" who has a problem with class actions in general and is thus unnecessarily delaying the conclusion of this litigation. Plaintiffs specifically point to an identical objection Jacobs filed in another case. The Court finds this factor to be a close call. However, even without consideration of the fourth factor, the Court finds that the other factors sufficiently weigh in favor of appeal bonds as to all objectors.

*Bond Amount*

---

[19] *Id*. (citing *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942 (10th Cir. 2005)).
[20] *Tennessee Ass'n of Health Maint. Organizations, Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001) (citing to *Gould v. Alleco, Inc.*, 883 F.2d 281, 283 (4th Cir. 1989)).
[21] Doc. 90.
[22] *Id*.
[23] *Chiaverini*, 2008 WL 2415340, at * 1.

4

Case No. 14-CV-965
Gwin, J.

This court will impose a bond in the amount of $38,000. The Court agrees with Plaintiffs that imposition of $25,000 for costs on appeal is appropriate.[24] The Court also agrees that the appeal bond should incorporate the additional costs incurred through the delay of administering the class action or providing notice to class members. To that end, the Court adds $13,000 to the bond amount. Moreover, this court considers the fact that over $3,000,000 of the settlement amount is earmarked to be available to class members,[25] and the appeal will deprive class members of the use of that amount. 28 U.S.C.A. § 1961 provides for interest to be allowed on any judgment in a civil case recovered in a district court. This Court believes the $38,000 appeal bond amount will fairly account for the loss of use faced by class members due to an appeal.

### IV.   CONCLUSION

For the foregoing reasons, this Court **IMPOSES** a bond in the amount of $38,000.

IT IS SO ORDERED.

Dated:  February 22, 2016                               *s/         James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[24] See *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, , 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010).
[25] Doc. 86.